1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAUL ALVAREZ HERNANDEZ,

11              Petitioner,              No. CIV S-00-0460 FCD GGH P

12        vs.

13   WILLIAM DUNCAN,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16   I. Introduction

17              Petitioner is a state prisoner proceeding through counsel with a petition for a writ

18   of habeas corpus.  Petitioner challenges his 1997 conviction for possession of heroin by a

19   prisoner with two prior serious felony convictions.  Petitioner is serving a sentence of twenty-five

20   years to life.

21              This action is proceeding on the third amended petition filed on December 6,

22   2005.  Petitioner raises the following claims: (1) the evidence was insufficient to support the jury

23   determination that petitioner's prior second degree burglary conviction constituted a "strike"

24   within the meaning of California's "Three Strikes Law;" (2) petitioner's trial and appellate

25   counsel rendered ineffective assistance; and (3) application of the Three Strikes Law to petitioner

26   violates the Ex Post Facto Clause of the United States Constitution.

1

1   After carefully considering the record, the court recommends that the petition be

2   denied.

3   II.  Anti-Terrorism and Effective Death Penalty Act (AEDPA)

4   The AEDPA applies to this petition for habeas corpus which was filed after the

5   AEDPA became effective.  Neelley v. Nagle, 138 F.3d 917 (11th Cir. 1998), citing Lindh v.

6   Murphy, 117 S. Ct. 2059 (1997).   The AEDPA "worked substantial changes to the law of habeas

7   corpus," establishing more deferential standards of review to be used by a federal habeas court in

8   assessing a state court's adjudication of a criminal defendant's claims of constitutional error.

9   Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

10   In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme

11   Court defined the operative review standard set forth in § 2254(d).  Justice O'Connor's opinion

12   for Section II of the opinion constitutes the majority opinion of the court.  There is a dichotomy

13   between "contrary to" clearly established law as enunciated by the Supreme Court, and an

14   "unreasonable application of" that law.  Id. at 1519.  "Contrary to" clearly established law applies

15   to two situations:  (1) where the state court legal conclusion is opposite that of the Supreme

16   Court on a point of law, or (2) if the state court case is materially indistinguishable from a

17   Supreme Court case, i.e., on point factually, yet the legal result is opposite.

18   "Unreasonable application" of established law, on the other hand, applies to

19   mixed questions of law and fact, that is, the application of law to fact where there are no factually

20   on point Supreme Court cases which mandate the result for the precise factual scenario at issue.

21   Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000).  It is this prong of the

22   AEDPA standard of review which directs deference to be paid to state court decisions.  While the

23   deference is not blindly automatic, "the most important point is that an *unreasonable* application

24   of federal law is different from an incorrect application of law....[A] federal habeas court may not

25   issue the writ simply because that court concludes in its independent judgment that the relevant

26   state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,

2

1   that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at

2   1522 (emphasis in original).  The habeas corpus petitioner bears the burden of demonstrating the

3   objectively unreasonable nature of the state court decision in light of controlling Supreme Court

4   authority.  Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

5          The state courts need not have cited to federal authority, or even have indicated

6   awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 123 S.

7   Ct. 362 (2002).  Nevertheless, the state decision cannot be rejected unless the decision itself is

8   contrary to, or an unreasonable application of, established Supreme Court authority.  Id.  An

9   unreasonable error is one in excess of even a reviewing court's perception that "clear error" has

10  occurred.  Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003).  Moreover, the

11  established Supreme Court authority reviewed must be a pronouncement on constitutional

12  principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules

13  binding only on federal courts.  Early v. Packer, 123 S. Ct. at 366.

14         In reviewing a state court's summary denial of a habeas petition, the court "looks

15  through" the summary disposition to the last reasoned decision.  Shackleford v. Hubbard, 234

16  F.3d 1072, 1079 n.2 (9th Cir. 2000) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04, 111 S.Ct.

17  2590 (1991)).  In the instant case, petitioner raised his claim of insufficient evidence on direct

18  appeal.  (Respondent's Lodged Document No. 1.)  The claim was denied in a reasoned decision

19  dated November 10, 1998.  (Respondent's Lodged Document No. 3.)  Petitioner later filed a

20  petition for review, in which he raised the same claim.  (Respondent's Lodged Document No. 4.)

21  That petition was summarily denied.  (Respondent's Lodged Document No. 5.)  Accordingly, the

22  court will "look through" to the November 10, 1998 reasoned decision of the California Court of

23  Appeal when analyzing petitioner's claim of insufficient evidence.  Robinson v. Ignacio, 360

24  F.3d 1044, 1055 (9th Cir. 2004).

25         On July 14, 1999, petitioner filed a petition for writ of habeas corpus in the

26  California Supreme Court in which he raised his claim of ineffective assistance of trial and

3

1  appellate counsel.  (Respondent's Lodged Document No. 8.)  That petition was summarily

2  denied.  (Respondent's Lodged Document No. 9.)  On July 14, 2003, petitioner filed another

3  petition for writ of habeas corpus in the California Supreme Court, in which he raised his Ex Post

4  Facto claim.  (Respondent's Lodged Document No. 10.)  That petition was also summarily

5  denied.  (Respondent's Lodged Document No. 11.)  Where, as here, the state court reaches a

6  decision on the merits but provides no reasoning to support its conclusion, a federal habeas court

7  independently reviews the record to determine whether habeas corpus relief is available under

8  section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223

9  F.3d 976, 982 (9th Cir. 2000).  "Independent review of the record is not de novo review of the

10  constitutional issue, but rather, the only method by which we can determine whether a silent state

11  court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Therefore, this court will

12  independently review the record to determine whether habeas corpus relief is available to

13  petitioner on his claims of ineffective assistance of counsel and violation of the Ex Post Facto

14  Clause.

15  III.  Background

16            The opinion of the California Court of Appeal contains a factual summary.  After

17  independently reviewing the record, the court finds this summary to be accurate and adopts it

18  below.

19            Defendant, an inmate, stood in the yard at the California State
          Prison in Sacramento.  Five or ten inmates of several races
20          approached him, shook his hand and departed.  A correctional
          officer suspected defendant was selling narcotics, searched
21          defendant and found heroin in his pants pocket.

22  (Respondent's Lodged Document No. 3 (hereinafter Opinion), at 2.)

23  IV.  Petitioner's Claims

24      A.  Sufficiency of the Evidence

25            Petitioner's first claim is that there was insufficient evidence to support the jury's

26  finding that his prior conviction for second degree burglary was a "strike" within the meaning of

4

California's Three Strikes Law.[1]  Pursuant to the Three Strikes Law, a misdemeanor does not

qualify as a "strike."  Cal. Penal Code § 667 (b) - (i).  Petitioner argues that because his second

degree burglary conviction was a "wobbler" under state law,[2] and therefore punishable as either a

felony or a misdemeanor, proof of a felony sentence was necessary to show that he had suffered a

prior felony "strike" conviction.  The evidence before petitioner's jury did not reflect the

sentence he received on his 1981 second degree burglary conviction.

       The state court record reflects that petitioner was charged in an August 8, 1996

complaint (deemed an information) with the instant offense, possession of heroin in a prison, in

violation of Cal. Penal Code § 4573.6.  (Respondent's Lodged Document No. 13: Clerk's

Transcript (hereinafter CT) at 6.)  It was also alleged that petitioner had suffered two prior

serious felony "strike" convictions.  (Id. at 6-7.)  The first prior conviction allegation was based

on a 1981 residential burglary.  (Id. at 6.)  The second prior conviction allegation was based on a

1985 first degree murder.  (Id. at 7.)  After the jury found petitioner guilty on the charged offense,

a jury trial was held on the prior serious felony allegations.  (Respondent's Lodged Document

No. 12(b): Reporter's Transcript (hereinafter RT) at 415-35.)  As proof that petitioner had

suffered the two charged prior serious felony convictions, the prosecutor introduced into

evidence a packet pursuant to Cal. Evidence Code § 969b containing certified prison records

relating to petitioner's incarceration.  (CT at 152-69.)  With regard to the prior conviction

allegation based on the residential burglary, the packet contained a copy of the information

---

[1]  California's "Three Strikes" law, which appears in Cal. Penal Code section 667(b) - (i), was enacted by the California Legislature and became effective March 7, 1994.  The statute prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies.  See Cal. Penal Code § 667(d).  A second strike defendant (with one prior felony conviction) receives "twice the term otherwise provided as punishment for the current felony conviction."  Cal. Penal Code § 667(e)(1).  A third strike defendant (with two or more prior felony convictions) receives an indeterminate term of life imprisonment, which includes a minimum term.

[2]  A "wobbler" is an offense that can be punished as either a misdemeanor or a felony under applicable law.  See Ferreira v. Ashcroft, 382 F.3d 1045, 1051 (9th Cir. 2004).

1  charging petitioner with "burglary, a felony;" a minute order reflecting petitioner's change of

2  plea to guilty/nolo contendere on the charge of felony burglary; and a transcript of the 1981

3  change of plea hearing, at which petitioner pled no contest to second degree felony burglary.  (CT

4  at 154, 164; Respondent's Lodged Document No. 14: Supplemental Clerk's Transcript

5  (hereinafter SCT) at 1-12.)  Based upon this evidence, the jury found the strike allegation to be

6  true.  (RT at 435.)

7          Petitioner claims that whether or not he was convicted of a felony turns on the

8  sentence he received, and not on the language used in the information or the change of plea

9  hearing.  (Pet. at 7-10.)  He argues, "Regardless of the *plea*, without proof of the actual *sentence*

10  imposed, the prosecution could not, as a matter of law, prove beyond a reasonable doubt that

11  Petitioner had suffered a prior serious felony conviction within the meaning of [the Three Strikes

12  Law]."  (Traverse at 3-4.)  Respondent concedes that the prosecutor did not introduce a copy of

13  the minute order showing petitioner's sentence for the second degree burglary conviction or a

14  copy of the abstract of judgment for the prior conviction, both of which would have reflected the

15  sentence petitioner received for the burglary.  However, respondent argues that, notwithstanding

16  these omissions from the record, the evidence that was presented to the jury was sufficient to

17  support a true finding on the prior conviction allegation.

18          The California Court of Appeal rejected petitioner's claim of insufficient

19  evidence, reasoning as follows:

20          Defendant contends there is not substantial evidence to support the
        jury's finding he suffered two prior serious felony convictions.
21          This is so, he argues, because his 1981 second-degree burglary
        could be punished as a felony or misdemeanor offense and there is
22          no evidence of the sentence he received.[3]  We find there was

23

24          [3]  Former § 459 (Stats. 1977, ch. 690, § 3, p. 2220) provided:  "Every person who enters
    any house . . . or other building . . . with intent to commit grand or petit larceny or any felony is
25  guilty of burglary . . . ."

26          Former section 460 (Stats. 1976, ch. 1139, § 206.5, operative July 1, 1977) provided:

6

substantial evidence from which the jury could reasonably infer that defendant had been sentenced as a felon for his 1981 burglary.

The information in the 1981 case, which was admitted into evidence in the present case, charged defendant with burglary as a felony.  At the change of plea hearing in the 1981 case, defendant's counsel stated defendant was willing to plead no contest with an indication his "maximum sentence would be 16 months in the state prison on a plea to the *felony* second degree burglary."  (Italics added.)  Defendant pleaded guilty to burglary as "a felony that occurred on May 22nd, 1981 . . . ."  Defendant's contention of error is rejected.

(Opinion at 2-3.)

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. " Jackson v. Virginia, 443 U.S. 307, 319 (1979).  See also Prantil v. California, 843 F.2d 314, 316 (9th Cir. 1988).  "[T]he dispositive question under Jackson is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'"  Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004) (quoting Jackson, 443 U.S. at 318).  "A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds."  Juan H. v. Allen, 408 F.3d 1262, 1274, 1275 & n.13 (9th Cir. 2005).  In order to grant the writ, the federal habeas court must find that the decision of the state court reflected an objectively unreasonable application of Jackson and Winship to the facts of the case.  Id.

---

"Every burglary of an inhabited dwelling house or building committed in the night time, is burglary of the first degree."  That statute further provided that all other kinds of burglaries are second degree burglary.  At all times relevant to this case, section 461 provided first degree burglaries were punishable by imprisonment and second degree burglaries were punishable by imprisonment or by a sentence to county jail.

7

1    The court must review the entire record when the sufficiency of the evidence is

2    challenged in habeas proceedings.  Adamson v. Ricketts, 758 F.2d 441, 448 n.11 (9th Cir. 1985),

3    vacated on other grounds, 789 F.2d 722 (9th Cir. 1986) (en banc), rev'd, 483 U.S. 1 (1987).  It is

4    the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw

5    reasonable inferences from basic facts to ultimate facts."  Jackson, 443 U.S. at 319.  If the trier of

6    fact could draw conflicting inferences from the evidence, the court in its review will assign the

7    inference that favors conviction.  McMillan v. Gomez, 19 F.3d 465, 469 (9th Cir. 1994).  The

8    relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether

9    the jury could reasonably arrive at its verdict.  United States v. Mares, 940 F.2d 455, 458 (9th

10   Cir. 1991).  Thus, "[t]he question is not whether we are personally convinced beyond a

11   reasonable doubt.  It is whether rational jurors could reach the conclusion that these jurors

12   reached."  Roehler v. Borg, 945 F.2d 303, 306 (9th Cir. 1991).  The federal habeas court

13   determines sufficiency of the evidence in reference to the substantive elements of the criminal

14   offense as defined by state law.  Jackson, 443 U.S. at 324 n.16; Chein, 373 F.3d at 983.

15   As described above, the August 8, 1996 information alleged that petitioner had

16   suffered a prior conviction for second degree burglary.  Second degree burglary is a so-called

17   "wobbler" offense because the court has discretion to treat this offense as a felony or a

18   misdemeanor.  California Penal Code §§ 17, 461(b).  Pursuant to California law, "[i]n the case of

19   wobblers, the characterization of the crime is dependent upon the actual punishment imposed. . .

20   When a defendant is sentenced to state prison, the offense is a felony; when the defendant is

21   sentenced to county jail, the offense is a misdemeanor."  People v. Terry, 47 Cal.App.4th 329,

22   332 (1996).  However, a "wobbler" remains a felony until the court exercises its discretion to

23   impose a misdemeanor punishment.  People v. Morse, 2 Cal.App.4th 620, 647 (1992); People v.

24   Samarjia, 240 Cal.App.2d 13, 23 (1966); Cal. Penal Code § 17.  California's Three Strikes Law

25   "expressly provides that the determination whether a prior felony conviction qualifies as a

26   'strike' 'shall be made upon the date of that prior conviction and is not affected by the sentence

8

1  imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a

2  misdemeanor.'" People v. Trausch, 36 Cal.App.4th 1239, 1246 (1995); Cal. Penal Code §

3  667(d)(1).  See also People v. Vessell, 36 Cal.App.4th 285, 292 (1995) ("Section 667,

4  subdivision (d) [provides] an exemption from its definition of prior convictions for those

5  "wobbler" convictions which have been transformed through sentencing to a misdemeanor.")

6           Viewing the evidence in the light most favorable to the verdict, the undersigned

7  concludes that there was sufficient evidence from which a rational trier of fact could have found

8  beyond a reasonable doubt that petitioner suffered a prior felony "strike" conviction for second

9  degree burglary.  The record before the jury in this case reflected that petitioner was charged with

10 and pled guilty to felony burglary, with the understanding that he would be sentenced to state

11 prison.  (See SCT at 2, 3.)  There was no evidence before the jury that petitioner actually received

12 a sentence that converted the felony to a misdemeanor.[4]  In any event, petitioner has not cited any

13 state or federal law (binding on the states) holding that a prosecutor must in all instances

14 introduce proof of the actual sentence in order to demonstrate that a prior conviction allegation

15 involving a "wobbler" is a "strike" within the meaning of California's Three Strikes Law.  The

16 state appellate court opinion rejecting petitioner's claim in this regard is a reasonable

17 construction of the evidence in this case and is not contrary to or an objectively unreasonable

18 application of federal law.  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002); see also 28

19 U.S.C. § 2254(d)(1).  Accordingly, petitioner is not entitled to habeas relief.

20      B.  Ineffective Assistance of Counsel

21           Petitioner's next claim is that his trial and appellate counsel rendered ineffective

22 assistance by failing to argue that his 1981 conviction for second degree burglary was not a

23

24      [4] As respondent points out, petitioner received a sentence of 16 months in state prison for
the 1981 burglary offense.  (CT at 128.)  Accordingly, petitioner was convicted of felony
25 burglary.  See Cal. Penal Code § 17 ("A felony is a crime which is punishable with death or by
imprisonment in the state prison.  Every other crime or public offense is a misdemeanor except
26 those offenses that are classified as infractions.")

1  "serious felony" for purposes of the Three Strikes Law and was therefore ineligible to be charged

2  as a "strike."  Petitioner explains that in 1981 he was originally charged with burglary of the first

3  degree, which would have constituted a "serious felony" within the meaning of the Three Strikes

4  Law.  (Pet. at 12; <u>see</u> Cal. Penal Code § 1192.7(18) (listing "burglary of the first degree" as a

5  serious felony.))  However, pursuant to a plea bargain, petitioner pled guilty to the lesser

6  included offense of second degree burglary.  Petitioner argues that his plea to the lesser included

7  charge constituted an "acquittal" on the greater charge of first degree burglary.  (Pet. at 12.)  He

8  contends that second degree burglary does not constitute a "serious felony" within the meaning

9  of the Three Strikes Law and is therefore not a valid "strike."  (<u>Id.</u>)  Petitioner claims that his trial

10  and appellate counsel rendered ineffective assistance because they "never raised the issue that the

11  original plea bargain to the lesser included offense of second degree burglary, in exchange for

12  dismissal of the first-degree burglary charged in the information, barred the prosecution from

13  arguing that the second-degree burglary prior was a 'serious' felony for purposes of the three

14  strikes law."  (<u>Id.</u>)  Without citation to authority, petitioner contends that "second degree burglary

15  could not, as a matter of law, constitute a "strike."  (<u>Id.</u> at 12-13.)

16        Respondent, on the other hand, argues that because petitioner was convicted in

17  1981 of "residential" burglary, this prior conviction was properly charged as a strike.  (Answer at

18  10.)  Respondent contends that the evidence introduced by the prosecutor in support of the

19  burglary "strike" allegation, in the form of the charging document and the plea colloquy,

20  demonstrated that petitioner pled guilty to a second degree felony residential burglary.  (<u>Id.</u>)  He

21  argues, "it has long been the law in California that a second degree burglary of a residence can be

22  a serious felony and a strike."  (<u>Id.</u> at 10-11.)  According to respondent, because the 1981

23  burglary conviction constituted a legitimate "strike," petitioner's trial and appellate counsel did

24  not render ineffective assistance in failing to challenge petitioner's Three Strikes sentence on this

25  ground.

26  /////

1    In the traverse, petitioner argues that the evidence before the jury was insufficient

2  to support a finding that petitioner committed a residential burglary.  (Traverse at 5.)  He

3  contends that the transcript of the 1981 plea colloquy "shows that the prosecutor merely recited

4  the plea, the court found a factual basis and then trial counsel stipulated to a factual basis on

5  behalf of petitioner."  (Id.)  Citing Shepard v. United States, 544 U.S. 13, 27-28 (2005),

6  petitioner argues that without further proof that petitioner actually burglarized a residence or

7  personally admitted to doing so, "the documents introduced by the prosecution as well as the oral

8  colloquy of the plea failed to prove beyond a reasonable doubt that Petitioner had suffered a prior

9  serious felony conviction."[5]  (Traverse at 5.)

10    The Sixth Amendment guarantees a criminal defendant the effective assistance of

11  counsel.  The United States Supreme Court set forth the test for demonstrating ineffective

12  assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  To support an

13  ineffective assistance of counsel claim, a petitioner must first show that, considering all the

14  circumstances, counsel's performance fell below an objective standard of reasonableness.  Id. at

15  687-88.  After a petitioner identifies the acts or omissions that are alleged not to have been the

16  result of reasonable professional judgment, the court must determine whether, in light of all the

17  circumstances, the identified acts or omissions were outside the wide range of professionally

18  competent assistance.  Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003).  In assessing an

19  ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's

20  performance falls within the 'wide range of professional assistance.'"  Kimmelman v. Morrison,

21  477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There is in addition a strong

22  /////

23

24    [5]  In Shepard, the United States Supreme Court held that inquiry into the elements and
facts underlying an offense is limited to "the terms of the charging document, the terms of a plea
25  agreement or transcript of colloquy between judge and defendant in which the factual basis for
the plea was confirmed by the defendant, or to some comparable judicial record of this
26  information." 544 U.S. at 26.

1   presumption that counsel "exercised acceptable professional judgment in all significant decisions

2   made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

3           Second, a petitioner must establish that he was prejudiced by counsel's deficient

4   performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable

5   probability that, but for counsel's unprofessional errors, the result of the proceeding would have

6   been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine

7   confidence in the outcome." Id. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224

8   F.3d 972, 981 (9th Cir. 2000).

9           The Strickland standards apply to appellate counsel as well as trial counsel. Smith

10  v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989).

11  There is, of course, no obligation to raise meritless arguments on a client's behalf. See

12  Strickland, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as

13  prejudice). Thus, counsel is not deficient for failing to raise a weak issue. See Miller, 882 F.2d

14  at 1434. In order to demonstrate prejudice in this context, petitioner must show that, but for

15  appellate counsel's errors, he probably would have prevailed on appeal. Id. at 1434 n.9.

16          Prior to 1982, a daytime residential burglary committed in California was burglary

17  of the second degree. People v. Gomez, 219 Cal.App.3d 157, 159-160 (1990). At that time,

18  second degree burglary was not limited to residential buildings. Id. Therefore, a second degree

19  burglary committed prior to 1982 did not necessarily establish that the burglary was of a

20  residence, as required for sentence enhancement purposes. Id. In the information filed against

21  petitioner in 1996, it was alleged that in 1981 petitioner was convicted of the crime of residential

22  burglary, in violation of Cal. Penal Code § 459, a serious felony within the meaning of Cal. Penal

23  Code §§ 667 and 1170.12 (the "Three Strikes Law"). (CT at 6.) Cal. Penal Code §

24  1170.12(b)(1) provides that prior "strike" convictions include "any offense defined in

25  subdivision (c) of Section 1192.7 as a serious felony in this state." At the time of petitioner's

26  conviction on the charged crimes in 1997, Cal. Penal Code § 1192.7(c) listed "burglary of an

1  inhabited dwelling house" as a "serious felony."  Former Cal. Penal Code § 1192.7(18) ((Stats.

2  1993, ch. 611, § 18.5, operative January 1, 1994).[6]

3        At the change of plea hearing with regard to the 1981 second degree burglary, the

4  prosecutor described the factual basis for petitioner's plea of nolo contendere as follows:

5              MS. MONCHARSH: Yes, Your Honor.  On May 22nd of 1981
             the – one of the defendants was seen with his hands in a window
6            and the other one was seen seated in a car by a neighbor and the
             police were called and it was determined by the victim and by the
7            police that an entry had been made at 1017 West Eighth Street and
             various items had been taken out of the residence and placed in
8            some bushes and fingerprints were taken and Mr. Gallegos'
             fingerprint was found on a mirror and I believe it was Mr.
9            Hernandez who was seen with his arms reaching into the window
             by the neighbor.

10

11  (SCT at 5-6.)  Petitioner's counsel stipulated to this factual basis for petitioner's plea.  (Id. at 6.)

12  The plea colloquy was part of the evidence before the jury during the trial on the prior conviction

13  allegations against petitioner.  In addition, the charging document, which was also before

14  petitioner's jury, reflects that petitioner was charged with burglary of a residence.  (CT at 154.)

15        As described above, respondent contends that petitioner's 1981 conviction was for

16  the second degree "burglary of a residence" and was therefore properly charged as a "strike."

17  Petitioner does not deny that burglary of a residence was a "serious felony" at the time he

18  committed the instant offense.  However, he contends that the documents before the jury were

19  insufficient to demonstrate that the burglary was of a residence.

20        This court concludes that the evidence before petitioner's jury was sufficient to

21  establish that petitioner's 1981 conviction was for the burglary of a residence and therefore

22

23        [6]  Prior to 1986, California Penal Code § 1192.7(c) read that "burglary of a residence"
    was a "serious felony."  People v. Harrell, 207 Cal.App.3d 1439, 1444 (1989).  Effective January
24  1, 1987, the statute was amended to make "burglary of an inhabited dwelling house" a "serious
    felony."  Stats. 1986, ch. 489, § 1.  For purposes of § 1192.7, "the terms 'residence' and
25  'inhabited dwelling house' are equivalent."  Harrell, 207 Cal.App.3d at 1445.  In 2001,
    California Penal Code § 1192.7(c) was amended to reflect that "first degree burglary" was a
26  "serious felony."  Stats.1999, ch. 298, § 1.

1  qualified as a serious felony "strike" pursuant to the Three Strikes Law.  The record before the

2  jury in support of the prior conviction allegation consisted of: (1) the information, which alleged

3  that petitioner committed burglary of "a building, to-wit: a residence" (CT at 154); and (2) the

4  transcript of the change of plea hearing, in which petitioner (through counsel) agreed that the

5  facts underlying the guilty plea included that petitioner was seen reaching into the window of a

6  residence from which items had been taken.  (SCT at 6.)  This evidence established that

7  petitioner's 1981 burglary involved a residence.

8        Petitioner's argument based on Shepard is unpersuasive.  First, Shepard was

9  decided after petitioner's 1997 conviction and 1998 appeal.  This court must evaluate counsels'

10 conduct "from [their] perspective at the time, without the benefit of hindsight."  Duncan v.

11 Ornoski, ___ F.3d ___, 2008 WL 2498104, *10 (9th Cir. (Cal.) (citing Strickland, 466 U.S. at

12 689).  Petitioner's trial and appellate counsel cannot be faulted for failing to anticipate the

13 Shepard ruling.  Pursuant to California law at the time of petitioner's trial in 1997 and his appeal

14 in 1998, the trier of fact could "consider the entire record of conviction in determining whether or

15 not a prior burglary conviction involved the burglary of a residence."  People v. Gomez, 219

16 Cal.App.3d 157, 160 (1990).  See also People v. Guerrero, 44 Cal.3d 343 (1988), limited by

17 People v. Martinez, 22 Cal.4th 106 (2000) (the entire record of conviction may be considered in

18 establishing the nature and circumstances of a prior conviction).  Under state law as it existed at

19 the time, neither petitioner's trial counsel nor his appellate counsel was ineffective in failing to

20 argue that the documents before petitioner's jury were insufficient to establish that petitioner

21 committed a residential burglary in 1981.

22        Petitioner's Shepard argument is misplaced.  Petitioner mistakes a ruling based on

23 the supervisory power of federal courts over lower federal courts as a command that state courts

24 follow the same rules of evidence as the federal courts.  Decisions based on federal statutes

25 applicable to federal criminal proceedings, procedural rules or evidence rules, as opposed to

26 decisions based on a Constitutional principle, hold no sway over state courts in their decision

1   making process.  Dutton v. Evans, 400 U.S. 74, 82, 91 S.Ct. 210, 216 (1970); Spry v.

2   Oberhauser, 361 F.2d 391 (9th Cir. 1966).  Shepard involved the type of proof necessary for

3   *federal* purposes in adjudicating the propriety of a prior conviction for use in an Armed Career

4   Criminal Act proceeding.  As such, it is irrelevant to this case, and counsel cannot be faulted for

5   not relying on Shepard (which was not issued at the time of petitioner's trial), nor on a similar

6   federal theory in the abstract.  State law controlled the outcome here, and counsel were not

7   deficient for understanding that state law gave petitioner no advantage.[7]

8          Based on the above discussion, the court concludes that petitioner's trial and

9   appellate counsel did not render ineffective assistance when they failed to argue that petitioner's

10  Three Strikes sentence based, in part, on his 1981 burglary conviction, was invalid.  At the time

11  of petitioner's trial and appeal, a residential burglary qualified as a "strike" under the Three

12  Strikes Law.  Petitioner essentially admitted at his change of plea hearing in 1981 that he

13  committed residential burglary, and the jury so found beyond a reasonable doubt based on the

14  charging document and the plea colloquy.  Under these circumstances, there were no meritorious

15  arguments that counsel could raise.

16  \\\\\

17  _____

18      [7]  Petitioner does not appear to be making an Apprendi argument to the effect that the
    issue whether the 1981 prior burglary conviction involved a residence was not found by the jury
19  beyond a reasonable doubt.  See Apprendi v. New Jersey, 530 U.S. 466 (2000) ("[o]ther than the
    fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
20  statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").  See
    also Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008) (petitioner's Sixth Amendment right to a
21  jury trial was violated when the California state trial court, and not the jury, imposed an "upper
    term" sentence based on petitioner's probation status at the time of his current crime); Medley v.
22  Runnels, 506 F.3d 857, 867 (9th Cir.2007) (en banc) (trial judge committed constitutional error
    because a jury instruction "took a critical issue of fact away from the jury"and relieved the
23  prosecution of its duty to prove beyond a reasonable doubt an essential element of the crime).
    Even if petitioner were making an Apprendi-based argument, it lacks merit and should be denied.
24  Petitioner's jurors were informed that they must determine beyond a reasonable doubt whether
    petitioner had suffered a prior felony conviction for "burglary of an inhabited dwelling house."
25  (RT at 418.)  After reviewing the documents introduced by the prosecutor, they determined that
    he had suffered such a prior conviction.  Petitioner was not deprived of the right to a jury
26  determination of this issue, or any factual issue necessary to find the sentence enhancement,
    beyond a reasonable doubt.

1    For the same reasons, petitioner has failed to demonstrate prejudice with respect

2 to these claims.  There is no reasonable probability that the result of the proceedings would have

3 been different if trial counsel had raised a challenge to petitioner's sentence on the grounds that

4 his 1981 burglary was not a legitimate "strike."  Further, appellate counsel's decision to press

5 only issues on appeal that he believed, in his professional judgment, had more merit than the

6 claim now suggested by petitioner was "within the range of competence demanded of attorneys

7 in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970).  The state court

8 determination with regard to petitioner's claims of ineffective assistance of appellate counsel was

9 not contrary to, or an unreasonable application of Strickland.  Accordingly, petitioner is not

10 entitled to habeas relief as to these claims.

11    C.  Ex Post Facto

12    Petitioner's final claim is that application of the Three Strikes Law to increase his

13 sentence because of his prior burglary conviction violated the Ex Post Facto Clause.  He

14 explains:

15    Here, Petitioner is not alleging that the California "three Strikes
   Law" is an ex post facto violation by way of increasing his term of
16    imprisonment of a prior felony conviction.  Rather, Petitioner is
   alleging that the "Three Strikes Law" is an ex-post facto violation
17    because it aggravates his prior and makes it greater than it was
   when committed and inflicts greater punishment to the prior felony
18    conviction than the law annexed to the crime when committed.

19 (Pet. at 15.)  Petitioner also raises a due process argument.  He argues, "not only did the Three

20 Strikes law increase punishment, the Three Strikes Law deprived petitioner of fair notice that his

21 prior conviction would expose him to life in prison."  (Id. at 14, 16-17.)  It is not clear whether

22 petitioner is contending that the Three Strikes Law itself violates the Ex Post Facto Clause or that

23 his prior convictions, which occurred prior to the effective date of the law, should not have

24 qualified as "strikes."  Either way, this claim should be denied.

25    Whether or not a prior conviction properly constitutes a "strike" under the Three

26 Strikes law involves essentially an interpretation of state sentencing law.  "[I]t is not the province

16

1  of a federal habeas court to reexamine state court determinations on state law questions." Estelle

2  v. McGuire, 502 U.S. at 67.  Habeas corpus relief is unavailable for alleged errors in the

3  interpretation or application of state sentencing laws by either a state trial or appellate court,

4  unless the error resulted in a complete miscarriage of justice.  Hill v. United States, 368 U.S. 24,

5  428 (1962); Hendricks v. Zenon, 993 F.2d 664, 674-75 (9th Cir. 1993).  So long as a state

6  sentence "is not based on any proscribed federal grounds such as being cruel and unusual,

7  racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state

8  statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir.

9  1976).  Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its

10 own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461,

11 469 (9th Cir. 1994).

12         Numerous California courts have determined that prior felony convictions which

13 predate the effective date of the Three Strikes Law are "strikes" within the meaning of that law.

14 See e.g., People v. Moenius, 60 Cal.App.4th 820, 827 (1998); People v. Diaz, 41 Cal.App.4th

15 1424, 1428-29 (1996); People v. Sipe, 36 Cal.App.4th 468, 477-479 (1995); Gonzales v.

16 Superior Court, Stanislaus County, 37 Cal.App.4th 1302, 1306-1311 (1995); People v. Green

17 (1995) 36 Cal App.4th 280, 283 (1995).  Federal courts are "bound by a state court's construction

18 of its own penal statutes." Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993).  This court must

19 defer to California's interpretation of the Three Strikes law unless its interpretation is "untenable

20 or amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow v.

21 Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989.)  There is no evidence of that here.

22         Moreover, to the extent that petitioner has stated a federal constitutional claim, he

23 is not entitled to relief.  The application of a sentencing enhancement based upon a prior

24 conviction does not violate the Ex Post Facto Clause as long as the statute was in effect before

25 the triggering offense was committed.  Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002),

26 overruled on other grounds by Mayle v. Brown, 583 U.S. 901 (2003); United States v. Sorenson,

17

914 F.2d 173, 174 (9th Cir. 1990); United States v. Ahumada-Avalos, 875 F.2d 681, 683-84 (9th

Cir. 1989).  California's Three Strikes law took effect on March 7, 1994, before petitioner

committed the principal offense in 1996.  Further, petitioner has failed to show that the state

courts committed error resulting in a complete miscarriage of justice when they imposed his

sentence.  See  Parke v. Raley, 506 U.S. 20, 27 (1992) ("we have repeatedly upheld recidivism

statutes 'against contentions that they violate constitutional strictures dealing with double

jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and

privileges and immunities'") (quoting Spencer v. Texas, 385 U.S. 554, 560 (1967)); United

States v. Kaluna, 192 F.3d 1188, 1199 (9th Cir. 1999) ("The Supreme Court and this court

uniformly have held that recidivist statutes do not violate the Ex Post Facto Clause if they are "on

the books at the time the [present] offense was committed."); Witte v. United States, 515 U.S.

389, 399 (1995) (recidivist statutes do not violate double jeopardy because the enhanced

punishment imposed for the later offense is not viewed as either a new jeopardy or an additional

penalty for the earlier crimes, but is instead a stiffened penalty for the latest crime, which is

considered to be an aggravated offense because it is a repeat offense); Nichols v. United States,

511 U.S. 738, 747 (1994) (same).  Accordingly, there was no violation of the federal Ex Post

Facto Clause by virtue of the sentence imposed in petitioner's case.[8]

        For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

application for a writ of habeas corpus be denied.

        These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

---

        [8]  California courts also have consistently held that enhancement for prior serious felony
convictions does not violate the prohibition against ex post facto laws.  See People v. James, 91
Cal.App.4th 1147, 1151 (2001); People v. Williams, 140 Cal.App.3d 445, 448-49 (1983) (citing
Ex Parte Gutierrez, 45 Cal. 429, 432 (1873)).

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten days after service of the objections.  The parties are advised

3  that failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  Dated: 07/15/08

6                                                  <u>/s/ Gregory G. Hollows</u>
                                                   UNITED STATES MAGISTRATE JUDGE
7
   ggh:8
8  hernandez460.hc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26